



FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 SEP 28 P 3: 01

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*
*United States Attorney*

*Paul E. Budlow*
*Assistant United States Attorney*
*Paul.Budlow@usdoj.gov*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4917*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*
*TTY/TDD: 410-962-4462*

August 29, 2011

Charles L. Waechter, Esquire
1435 Suphur Spring Road
Baltimore, Maryland 21227

    Re:    United States v. Frank Robert Tucker, Jr.
             Criminal No. JKB-11-0399

Dear Mr. Waechter:

This letter confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by Tuesday, September 6, 2011, at 5:00 pm, it will be deemed withdrawn. The terms of the agreement are as follows:

## Offense of Conviction

        1.    The Defendant agrees to plead guilty to Count One of the Indictment now pending against him which charges him with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

## Elements of the Offense

        2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

1

GOVERNMENT'S EXHIBIT NO. _____1_____
CASE NO.: _____JKB 11-399_____
IDENTIFICATION: _____9-28-11_____
ADMITTED: _____9-25-11_____

a.    That the defendant knowingly distributed child pornography, that is a visual depiction of a minor engaged in sexually explicit conduct;

b.    That the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and knew that the visual depiction was of such conduct; and

c.    That the visual depiction was distributed in interstate or foreign commerce.

## Penalties

3.    (a)    The maximum sentence provided by statute for the offense to which your client is pleading guilty is as follows:  imprisonment for not less than five (5) years and not more than twenty (20) years, followed by a term of supervised release of not more than life and a fine of $250,000.  In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.  This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1]  If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.  The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.  The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

(b)    The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence.  Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

4.    The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

---

[1]    Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range

3

of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

a.      Pursuant to § 2G2.2(a)(2), the base offense level for distribution of child pornography is a level 22.

b.      Under § 2G2.2(b)(2), 2 levels are added because the material involved prepubescent minors. Subtotal = 24.

c.      Under § 2G2.2(b)(3)(F), 2 levels are added because the defendant distributed child pornography. Subtotal = 26.

d.      Under § 2G2.2 (b)(4), 4 levels are added as the offense involved sadistic or masochistic or other depictions of violence. Subtotal = 30.

e.      Under § 2G2.2(b)(6), 2 levels are added because your client used a computer or an interactive computer service for the distribution of the material. Subtotal =32.

f.      Under § 2G2.2(b)(7)(D), 5 levels are added because the offense involved more than 600 images. Subtotal=37.

7.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of

personal responsibility for his conduct. This Office may oppose *any* adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c)  gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Thus, the final anticipated base offense level is **34.**

8.      This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

9.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

## Obligations of the United States Attorney's Office

10.      At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

11.      The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct

## Waiver of Appeal

12.      In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.      The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c.     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

13.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Forfeiture

14.     The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from the address on April 14, 2010 as described in Attachment A to this Plea Agreement. He further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

## Court Not a Party

15.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and

6

any other relevant information.  The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above.  The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement.  The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive.  The Defendant agrees that no one has made such a binding prediction or promise.

Entire Agreement

16.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case.  The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By:_____
Paul Budlow
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

9/9/11
Date

Frank Robert Tucker, Jr.

I am Mr. Tucker's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

9/9/11
Date

Charles L. Waechter, Esquire

8

**Attachment A**
**Statement of Facts**

*The undersigned parties hereby stipulate and agree that the following facts are true and accurate, and that if this matter had gone to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

Frank Robert Tucker, Jr. ("Tucker") age 50, resides in Halethorpe, Maryland. Tucker used a publicly available peer to peer file sharing program, and made images and videos available for other users of the program to download via the internet.

On December 28, 2009, an investigator with the Maryland State Police used a computer to access the peer to peer network and observed that Tucker had 89 video files, most of the names of which were consistent with child pornography, available for download. The investigator downloaded 5 complete video files from Tucker's computer. Three of the downloaded files contained visual depictions of minors engaging in sexually explicit conduct.

One of the downloaded files was titled "blonde 10yo girl and boy play sex - R@ygold - PTHC - Pedo - Hussyfan - Babyshvid - Zadoom - ChildFugga - Lolita - Kiddy - Child Porn - Illegal - Ddoggprn.jpg.mpg.". This file was approximately 3 minutes and 9 seconds in length, and is a video of a prepubescent male who appears to be penetrating the anus of a prepubescent female with his penis.

Another downloaded file of child pornography was titled, "Vicky String Bikini Pthc 11 Yo Pedofilia.mpg". This file was 3 minutes and 23 seconds in length and depicts a prepubescent female removing a pink skirt at the beginning of the movie. The girl then is shown on a wooden bench while spreading her legs and exposing her vagina to the camera. At 50 seconds into the movie she is then shown bound and tied to rafters in what appears to be the basement of a building. At 1 minute and 21 seconds an adult male is seen partially hidden behind the child with his hands on the child's vagina and breasts. He can be seen touching himself at times while he is digitally penetrating the child's vagina. At 2 minutes and 4 seconds the video then shows the child bound to a wooden bench while wearing a blindfold. The adult male adjusts the blindfold and continues to touch the child's breasts and vagina. At this point the adult male is seen only wearing a white t-shirt and no pants. At 3 minutes and 4 seconds the adult male then straddles the child as she is lying on the wooden bench and places his penis in her mouth.

The third downloaded file was titled "(Pthc Lolifuck) Kimmy - 14 Y O New.mpg". This file was 4 minutes and 26 seconds in length, and depicts a female child reasonably believed to be under the age of 16 with an adult male, naked and only visible from the waist down. The female child begins to perform fellatio on the flaccid penis of the adult male. The fellatio continues through the male subject becoming erect. At one point the child looks at the camera and bites down on the penis. The female child begins to masturbate the adult male and at one point the

adult male ejaculates on the floor. The child then places her tongue on the end of the adult male's erect penis and continues to lick and masturbate the adult male until he eventually ejaculates on the face of the child.

On April 14, 2010, Maryland State Police searched Tucker's residence at 726 Fifth Avenue, Halethorpe, Maryland 21227, pursuant to a search warrant. Tucker resided at the home with his four children and his mother. Tucker admitted to law enforcement that he had downloaded child pornography using the peer to peer file sharing program on his computer. At the time of the search warrant, Tucker's children were ages 8, 14, 16, and 23. His 23 year-old daughter is developmentally disabled and functions at the 7th grade level. Tucker told investigators that he has never touched his kids inappropriately, and he also stated, "I would never touch my kids."

During the search warrant, investigators seized Tucker's computer, and external hard drive, further described as:

One Dell Dimension 4550 computer tower, service tag 8YSGN21, containing one Western Digital WD Caviar 160GB hard drive, model: WD1600AAJB-56WRA0, s/n: WCAS2A992902; and

One Silver and gray colored Western Digital external USB hard drive, model: WD1600B015-RNN, s/n: WMAL93088418.

Images of child pornography were found on the computer and the external hard drive during a forensic review. The external hard drive contained at least 43 videos of children engaged in sexually explicit conduct.

Investigators also found nude images and pornographic videos of ▮▮▮▮▮▮▮▮▮ a▮ developmentally disabled ▮▮▮▮▮▮ on the computer and hard drive. The images and videos date to as far back as March 2006, when ▮▮▮▮▮▮▮ was 19 years old, and continue through December 2009. One of the videos, dated June 2009, is of Tucker putting his mouth on ▮▮ ▮▮▮▮▮▮▮'s exposed breasts. A second video, dated November 2009, is of ▮▮▮▮▮▮▮▮ performing fellatio on Tucker and masturbating herself. The November 2009 video file was last accessed on April 11, 2010, three days before the execution of the search warrant.

Tucker's web browsing history revealed that Tucker regularly visits web sites that contain incest themed pornography.

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case.

Frank Robert Tucker, Jr.

2